UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER RODRIGO,

    Plaintiff,

v.                                               Case No: 2:14-cv-302-FtM-29CM

MIKE SCOTT,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. Plaintiff initiated this action on June 2, 2014 by filing, through counsel, a Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. § 1981, alleging that Defendant engaged in discriminatory employment practices.

I.     **Background**

On September 15, 2014, counsel for Plaintiff filed a motion requesting that he be permitted to withdraw as counsel of record for Plaintiff, and also requesting that Plaintiff be permitted an additional thirty (30) days, up to and including October 30, 2014, during which to complete service of process upon Defendant. Doc. 6. The Court permitted counsel to withdraw and provided Plaintiff the additional time to effectuate service. Doc. 7. By the same date, Plaintiff was ordered to inform the

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Court either that he intends to proceed *pro se* or, if Plaintiff was able to retain new counsel, the attorney was ordered to file a Notice of Appearance. *Id.*

On October 31, 2014, after the time for Plaintiff to effectuate service and inform the Court of his intent to proceed *pro se* or for new counsel to file a Notice of Appearance had expired, the Court entered an Order to Show Cause directing Plaintiff to show cause in writing on or before November 21, 2014 why he failed to comply with the Court's prior Order. Doc. 8. Plaintiff also was cautioned that a failure to respond to the Order to Show Cause within the time permitted "will result in the Court recommending that this action be dismissed for failure to prosecute." *Id.* at 2. To date, Plaintiff neither has filed a response nor requested an extension of time for doing so, and there is no indication that Defendant has been served.

## II. Discussion

Both the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules include provisions as to the time for completing service. Rule 4(m), Federal Rules of Civil Procedure, provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Local Rules similarly state:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is

>shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10(a).

Here, Plaintiff has failed to serve Defendant, even after he was permitted an additional thirty days during which to do so. Although Plaintiff now is proceeding *pro se*, he still is required to conform to the Federal Rules of Civil Procedure and Local Rules. *See Dash v. Chasen*, 503 Fed. Appx. 791, 795 n.1 (11th Cir. 2013) (explaining a plaintiff's *pro se* status alone did not warrant an extension of the time for completing service, because *pro se* litigants are still required to conform to procedural rules). Plaintiff has not offered a reason for his failure to serve Defendant that would permit the Court to find good cause to grant further extension of the time for service, and he has not responded to the Court's two previous Orders. He also was cautioned that failure to serve Defendant within the time permitted would cause the Court to recommend that this action be dismissed.

### III. Conclusion

Since filing his Complaint, Plaintiff has had 182 days during which to complete service of process, but failed serve Defendant even after the Court permitted Plaintiff additional time to do so. Moreover, he has failed to respond to the Court's two prior Orders, including an Order to Show Cause requiring Plaintiff to show why he failed to complete service and cautioning Plaintiff that the Court would recommend dismissal if he again failed to respond. Thus, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 3.10(a), the Court recommends that this matter be

dismissed without prejudice for failure to timely effectuate service of process and failure to prosecute.

ACCORDINGLY, it is respectfully **RECOMMENDED:**

1. That this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Middle District of Florida Local Rule 3.10(a).

2. That the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 1st day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Peter Rodrigo